Santiago **SOLORIO–GARDUNO,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney
General, Respondent.

No. 04–76285.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.*

Filed Jan. 12, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

512

Santiago Solorio–Garduno, Riverside, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Elizabeth J. Stevens, Esq., U.S. Department of Justice,

Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Santiago Solorio–Garduno, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to remand and dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of constitutional violations, *Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001), and review for abuse of discretion the BIA's denial of a motion to remand, *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Solorio–Garduno's contention that the BIA denied him due process by finding that he failed to show exceptional and extremely unusual hardship. *See Torres–Aguilar*, 246 F.3d at 1271 (holding the court lacks jurisdiction over a challenge to a discretionary hardship determination that is simply recast as a due process claim).

The BIA did not abuse its discretion in denying Solorio–Garduno's motion to remand on the ground that Solorio–Garduno failed to show that the newborn child would suffer the requisite hardship.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*See* 8 C.F.R. § 1003.2(c)(1); *Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir.2003) (holding that prima facie eligibility is demonstrated by a showing that there is a reasonable likelihood that the statutory requirements for relief have been satisfied).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.